IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02455-BNB

TED ROBERT JONES,

Applicant,

v.

JUDGE SANDRA K. MILLER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 27 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Ted Robert Jones, initiated this action by filing *pro se* the first page of a 28 U.S.C. § 2254 habeas corpus petition form along with a number of attachments that did not include any claims for relief. A handwritten notation on the first page of the habeas corpus petition form reads "will complete rest of form if necessary." In an order filed on October 8, 2010, the court directed Mr. Jones to complete and file on the proper form an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 22, 2010, Mr. Jones submitted on the proper form an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Jones states in the amended application that he is challenging the validity of his convictions in the following cases in the Delta County Combined Courts: 09M10, 09CR110, and 09M48.

The court must construe the amended application liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not

be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file a second amended application if he wishes to pursue his claim in this action.

The court has reviewed the amended application and finds that it is deficient. First, one of the named Respondents, Judge Sandra K. Miller, does not appear to be a proper Respondent in this action because there is no indication that Judge Miller is Mr. Jones' custodian. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. **See** 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995).

The court finds that the amended application also is deficient because Mr. Jones does not assert any specific claims for relief. Instead, in the space provided for asserting claims on the court's habeas corpus form, Mr. Jones writes "please see previous habeas corpus complaint." However, as noted above, Mr. Jones also did not assert any claims for relief in the original habeas corpus petition filed in this action.

Therefore, Mr. Jones will be ordered to file a second amended application in which he identifies the specific claims for relief he is asserting in this action and in which he provides specific facts in support of the claims he is asserting. Mr. Jones is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Jones must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the

rules applicable to ordinary civil actions, which require only notice pleading. See **Mayle v. Felix**, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. See **Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Jones file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Jones, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Jones fails within the time allowed to file a second amended application as directed, the action will be dismissed without further notice.

DATED October 27, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02455-BNB

Ted Robert Jones
795 County Road 326
Silt, Colorado 81652

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 10/27/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk