IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02455-BNB

TED ROBERT JONES,

    Applicant,

v.

JUDGE SANDRA K. MILLER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 03 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Ted Robert Jones, initiated this action by filing *pro se* the first page of a 28 U.S.C. § 2254 habeas corpus application form along with various attachments, none of which included any claims for relief. Mr. Jones listed four separate state court case numbers for the convictions he is challenging and he wrote that he "will complete rest of form if necessary." (Doc. #2.) In an order filed on October 8, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Jones to cure certain deficiencies, including his failure to use the proper form. On October 22, 2010, Mr. Jones filed on the proper form an amended application for a writ of habeas corpus listing the same four state court case numbers as the convictions under attack. All of the case numbers apparently relate to cases in the Combined Courts of Delta County, Colorado.

Magistrate Judge Boland reviewed the amended application and determined that it was deficient both because Mr. Jones named an improper Respondent and because he did not assert any specific claims for relief. Instead, in the space provided in the

amended application to assert claims, Mr. Jones wrote "please see previous habeas corpus complaint." (Doc. #9 at pp.5-6.) As noted above, Mr. Jones also did not assert any claims in the original habeas corpus application. Therefore, Magistrate Judge Boland ordered Mr. Jones to file a second amended application to name proper Respondents and in which he identifies the specific claims for relief he is asserting and in which he provides specific facts in support of each asserted claim. Magistrate Judge Boland specifically advised Mr. Jones that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and that, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, he must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Magistrate Judge Boland also advised Mr. Jones that the action would be dismissed without further notice if he failed to file a second amended application within thirty days.

On November 22, 2010, Mr. Jones filed two documents. In the first (doc. #13), Mr. Jones seeks an emergency injunction and dismissal of all of his Delta County cases in order to prevent malicious prosecution in his cases in Mesa County, Colorado, that are the subject of a separate habeas corpus action. *See Jones v. Mesa County Courts*, No. 10-cv-02458-BNB (D. Colo. filed Oct. 8, 2010). He also seeks an injunction and dismissal of his Mesa County cases. Mr. Jones includes within the attachments to his request for an emergency injunction three pages from the Court's 28 U.S.C. § 2254 habeas corpus application form. (*See* Doc. #13 at pp.12-14.) Mr. Jones lists three claims for relief on two of those pages, but he fails to provide a clear statement of any

2

claim that specifies the constitutional right allegedly violated, and he fails to allege specific facts in support of his claims. The confusion surrounding the claims Mr. Jones is asserting is exacerbated by the fact that he filed the identical document with the same claims in his other pending habeas corpus case challenging different convictions. In the second document filed on November 22 (doc. #14), Mr. Jones makes conclusory statements that his rights have been violated and he argues that he remains in the custody of Respondent Judge Sandra K. Miller because he has to comply with the terms of his probation.

The Court finds that Mr. Jones has failed within the time allowed to file a second amended application that provides a clear statement of any constitutional claims in this habeas corpus action. Therefore, the action will be dismissed without prejudice for failure to file a second amended application as directed. Accordingly, it is

ORDERED that the application and the amended application are denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Applicant failed to comply with a court order. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  3rd  day of    December   , 2010.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02455-BNB

Ted Robert Jones
795 County Road 326
Silt, Colorado 81652

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/3/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk